

FILED
2024 Apr-17  AM 09:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

CARLOS GABRIEL DE AZA,            )
                                  )
        Petitioner,               )
                                  )
    vs.                           )      7:21-cv-08021-LSC
                                  )      7:18-cr-00459-LSC-GMB
                                  )
UNITED STATES OF AMERICA          )
                                  )
        Respondent.               )

### MEMORANDUM OF OPINION

### I.   Introduction

Before this Court is a motion by Carlos Gabriel De Aza ("De Aza" or "Petitioner") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) The Government has responded in opposition to the motion. (Doc. 8.) For the reasons set forth below, De Aza's § 2255 motion is due to be denied and this action dismissed without an evidentiary hearing.

De Aza also has several other pending motions. This Court gave De Aza an extension of time on September 25, 2023 to file a reply to the Government's opposition. (Doc. 10.) The Court denied another motion to do so on October 26, 2023 because by that point, De Aza had three months to file a reply brief. (Doc. 13.)

He subsequently filed a motion to reconsider this decision (doc. 15), a motion to amend his motion to reconsider (doc. 16), and an amended motion to reconsider an extension of time (doc. 18). These motions are **DENIED** for the same reason articulated in the Court's original denial in Document 13. De Aza also sought to expand the record. (Doc. 14.) This Court has previously set a page limit on De Aza's supplement to his § 2255 motion. (Doc. 6.) He was limited to fifteen pages and has now requested eighty-two pages to be added to the record. Just as before, the Court cannot ascertain how all of these pages are relevant. For the same reasons articulated in Document 6, the Court will not take an additional eighty-two pages under advisement when rendering this opinion and thus, De Aza's request in Document 14 is **DENIED**. Because the Court is denying expansion of the record, De Aza's motion in Document 17 is **MOOT** because the information present in Document 14 is not going to be considered. Lastly, the Court considered De Aza's supplement (doc. 7) in rendering this opinion, therefore, his motion to supplement the petition found in Document 7 is **GRANTED**.

## II.  Background

### A.  Charges and Sentencing

On September 26, 2018, De Aza was indicted on three counts: (1) possession with intent to distribute fifty grams or more of methamphetamine, in violation of

21 U.S.C. §§ 841(a)(1) and (b)(1)(A); (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 21 U.S.C. § 924(c)(1)(a)(i); and (3) felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Cr. Doc. 1.)[1] After a trial was held, a jury found De Aza guilty as to all three counts on February 12, 2019. (Cr. Doc. 53.) He was sentenced to a total term of imprisonment of 360 months as to counts one, two, and three. (Cr. Doc. 53 at 2.) De Aza appealed to the Eleventh Circuit, where his conviction was affirmed on September 10, 2020. *See US v. De Aza*, No. 19-12902; Cr. Doc. 62. At his trial, sentencing, and on appeal, he was represented by Stuart Albea. (Doc. 1 at 10.)

### B. § 2255 Proceedings

On September 8, 2021, De Aza executed his § 2255 motion[2], entered by the Clerk on September 20, 2021. (Doc 1.) On June 2, 2023, De Aza filed a supplement to his initial motion. (Doc. 7.) De Aza asserts numerous grounds[3] upon which he

---

[1] "Cr. Doc." refers to an entry on the docket sheet in the underlying criminal case, No. 7:18-cr-00459-LSC-GMB.

[2] The Eleventh Circuit applies the "mailbox rule" to deem a prisoner's § 2255 motion to have been filed upon the "date that he delivered it to prison authorities for mailing, presumptively,... the day that he signed it." *Jones v. United States*, 304 F.3d 1035, 1038 n.7 (11th Cir. 2002) (per curiam).

[3] "Claims for relief must be clearly presented to the district court." *Barritt v. Sec., Fla. Dept. of Corrections*, 968 F.3d 1246, 1250 (11th Cir. 2020). This Court sought to ascertain and examine all grounds *clearly presented* by De Aza.

claims § 2255 relief should be granted, all of which are based on ineffective assistance of counsel and most of these can be categorized as follows:

1. Counsel failed to raise De Aza's competency issue. (Doc. 1 at 4.)

2. Counsel failed to properly investigate and call witnesses. (Doc. 1 at 6-8, 16.)

3. Counsel failed to obtain full discovery from the Government and withheld evidence from De Aza. (Doc. 1 at 16-17.)

For the reasons outlined below, the Court finds these claims are without merit and due to be denied without an evidentiary hearing.

## III. Timeliness

Judgment was entered against De Aza on July 29, 2019. (Cr. Doc. 53.) De Aza appealed to the Eleventh Circuit; and on September 10, 2020, the appeal decision was entered. (Cr. Doc. 62.) De Aza did not file a petition for a writ of certiorari; therefore, the Eleventh Circuit's decision became final 90 days later on December 11, 2014. *See* SUP. CT. R. 13*; see also Michel v. United States*, 519 F.3d 1267, 1268 n.1 (11th Cir. 2008) ("When no petition for writ of certiorari is filed, the judgment becomes final for § 2255 purposes when the time for filing the petition expires. *Clay v. United States*, 537 U.S. 522, 524 (2003). A petition for writ of certiorari must be filed within 90 days of the day the appellate court's judgment was entered."). De Aza signed his § 2255 petition on September 8, 2021. (Doc. 1.) Because De Aza

filed his § 2255 motion within one year of the date that the judgment of his conviction became final, the motion is timely. *See* 28 U.S.C. § 2255(f)(1).

De Aza is bringing his first § 2255 motion, so it is not "second or successive" within the meaning of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See id.* at §§ 2255(h), 2244(b)(3)(A).

## IV.   Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to 28 U.S.C. § 2255 are limited. A petitioner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988)).

In litigation stemming from a § 2255 motion, "[a] hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the [movant's] allegations are affirmatively contradicted by the record." *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (quoting *Guerra v. United States*, 588 F.2d 519, 520-21 (5th Cir. 1979)). However, it is appropriate for the court to conduct an evidentiary hearing if, "accept[ing] all of the [movant's] alleged facts as true," the movant has "allege[d] facts which, if proven, would entitle him to relief." *Diaz v. United States*, 930 F.2d 832, 834 (11th Cir. 1991) (quoting *Agan v. Dugger*, 835 F.2d 1337, 1338 (11th Cir. 1987) and *Futch v. Dugger*, 874 F.2d 1483, 1485 (11th Cir. 1989)).

## V.   Discussion

### a.  Ineffective Assistance of Counsel

De Aza asserts many grounds of ineffective assistance of counsel in his § 2255 motion, which may be condensed into three main grounds. Because these assertions are meritless, they will be dismissed without an evidentiary hearing.

Claims of ineffective assistance of counsel may be raised for the first time in a § 2255 motion and are therefore not subject to a procedural bar for failing to raise them on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). An ineffective assistance of counsel claim has two components: first, the petitioner

"must show that the counsel's performance was deficient;" second, the petitioner "must show that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the first component, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. The second component is satisfied only when the defendant shows that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

In examining counsel's performance, the Court should be "highly deferential." *Id.* at 689. The Court must make "every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* The Court must also "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*; *see Bell v. Cone*, 535 U.S. 685, 702 (2002) (holding that "tactical decision[s] about which competent lawyers might disagree" do not qualify as objectively unreasonable). A petitioner who seeks to overcome this presumption does not carry his burden by offering bare accusations and complaints, but rather "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable

professional judgment." *Strickland*, 466 U.S. at 690. The defendant must show "that no competent counsel would have taken the action that his counsel did take." *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc).

Where a petitioner fails to show that his counsel's performance fell below an objective standard of reasonableness, the court need not address the issue of prejudice. *See Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000). Where the court does consider this prong, the petitioner must show that counsel's errors were prejudicial and "deprive[d] the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. This burden is met by establishing by a reasonable probability that the outcome of the proceeding would have been different but for counsel's errors. *Williams v. Threatt*, 529 U.S. 362, 391–93 (2000); *Strickland*, 466 U.S. at 691.

"[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 690–91.

> **i. De Aza's claims regarding his alleged competency issues are without merit.**

### 1. Counsel Ignoring Mental Concerns

De Aza argues that he has a thirty-five-year history of mental issues and treatment that counsel "ignored." (Doc. 1 at 4.) However, Mr. Albea stated that he did discuss De Aza's mental health with De Aza. (Doc. 8-1 at 3.) He also recalled that De Aza "did not appear to be suffering from any mental health issues" during the preparation of his defense. (*Id.*)  In addition, Mr. Albea raised any mental health issues to the Court during De Aza's sentencing hearing:

MR. ALBEA:              Yes, Your Honor. A couple of things I would like to point out in the Presentence Report by way of mitigation, Your Honor.

First of all, you will notice that throughout Mr. De Aza's life, he was the victim as a very young man of abuse from his parents. That's documented in the Presentence Report. His drug use started when he was a child, and that was part of the physical abuse. And he has been addicted to substances essentially all of his life.

He is 49 years old as he sits here today; I believe he was 48 at the time of this incident. He has had mental health issues all of his life and I think the Court recognizes that because that was part of the conditions of supervised release. I think that the physical abuse and the sexual abuse and mental abuse is referenced in the Presentence Report, and his age, I think those things argue for a low end of the guideline sentence.

(Cr. Doc. 61 at 5-6.)

Mr. Albea clearly described De Aza's claimed mental health issues in his argument for a lower sentence, so this Court was made aware of those issues. Accordingly, De Aza's argument that his history of mental issues was "ignored" by counsel are "affirmatively contradicted by the record" and is thus without merit. *See Holmes*, 876 F.2d at 1553.

### 2. Competency Evaluation

De Aza also argues that Mr. Albea ignored his request to file for a competency evaluation before trial. (Doc. 1 at 4.) Mr. Albea, however, did not remember De Aza ever requesting him to file for a competency evaluation, either verbally or in writing. (Doc. 8-1 at 3.) Even if De Aza had, Mr. Albea stated he was "certain that any evaluation of Mr. De Aza's competency would have shown [him] to be competent." (*Id.*) De Aza has not shown that "no reasonable lawyer in [Mr Albea's] circumstances would have done" what Mr. Albea did regarding investigations into his competency. *See Michael v. Crosby*, 430 F.3d 1310, 1319-20 (11th Cir. 2005).

Regardless, "to establish deficient performance in this context, a defendant must show that his counsel failed to bring information raising a *bona fide* doubt

regarding his competency to the trial court's attention when every reasonable attorney would have done so." *Dickerson v. US*, WL 27660314, at *2 (11th Cir., Dec. 14, 2022) (citing *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 751 (11th Cir. 2010). Additionally, the statute covering competency evaluations, 18 U.S.C. 4241(a) states that counsel

> may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

As stated above, Mr. Albea said that De Aza "did not appear to be suffering from any mental health issues." (Doc. 8-1 at 3.) In fact, Mr. Albea stated that "De Aza was more active than most of my clients in preparing his defense by providing possible defense theories and witnesses . . . I had no reason to believe that Mr. De Aza should have been evaluated for competency." (*Id.*) Thus, there seems to be no indication that Mr. Albea, or this Court, had any reason to doubt competency. Further, his extensive criminal history, none which led to a ruling of incompetency, further support this proposition. (Cr. Doc. 52.)

This Court need not address the prejudice prong of *Strickland* where Petitioner has not shown deficient performance of counsel. *See Holladay*, 209 F.3d

at 1248. However, even if this decision by counsel was deficient, De Aza cannot prove prejudice. "[T]o establish prejudice, he must show that 'there was a reasonable probability that he would have received a competency hearing *and* been found incompetent had counsel requesting the hearing." *Dickerson*, WL 27660314, at *2 (quoting *Lawrence v. Sec'y Fla. Dep't of Corr.*, 700 F.3d 464, 479 (11th Cir. 2012)). De Aza has not met this burden. He has not shown that he would have been granted a hearing or been found incompetent. In fact, his writing skills in his § 2255 motion prove quite the opposite: he understood "the nature . . . of the proceedings against him."[4] *See* 18 U.S.C. § 4241(a). Thus, this claim is also "affirmatively contradicted by the record" and De Aza's petition itself. *See Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989). Thus, it has no merit[5] and is due to be dismissed.

---

[4] His writing skills and understanding of his charges in his pro se petition also discredit the due process violation he briefly alleges in the competency evaluation section of his petition. To establish a due process violation in this context, "the evidence must indicate a present inability to assist counsel or understand the charges." *Perkins v. US*, 74 F.4th 866, 876 (11th Cir. 2023). He clearly was able to assist counsel and understand his charges, so this claim has no merit, and the Court will not address it further.

[5] De Aza also includes two other allegations in his petition within this claim. First, he claims there was a "breach of confidential communication" because he alleges the right to confidentiality can only be implemented "if De Aza knows that his communication[s] with his attorney are private." (Doc. 7 at 4.) He does not allege that his attorney breached confidence, so the Court will not address this allegation further. Second, he states there was "involuntariness" because he did not know of his plea rights. (*Id.*) However, the docket sheet states that at De Aza's initial appearance in front of the magistrate judge, he had his "rights [and] charges explained . . . not guilty plea

### 3. Medical Records

De Aza also argues that Mr. Albea made no effort to obtain any medical records after trial which would show his medical history. (Doc. 1 at 4.) However, Mr. Albea stated that he did request medical records from multiple healthcare providers, including Elmore Community Hospital, Jackson Memorial Hospital, and the State of Florida Department of Children and Families, but that each provider responded that the records had been destroyed. (Doc. 8-1 at 3.) Mr. Albea's request for medical records was not objectively unreasonable. Further, this Court was able to consider De Aza's mental health issues at sentencing without any specific records, because De Aza's Presentence Report described in great detail his account of mental health issues. (Cr. Doc. 52 at 34-35.)

This Court need not address the prejudice prong of *Strickland* where Petitioner has not shown deficient performance of counsel. *See Holladay*, 209 F.3d at 1248. However, even if De Aza had shown Mr. Albea's performance regarding the medical records was objectively unreasonable, the ineffective assistance of counsel claim would still fail because De Aza was not prejudiced by the Court not examining specific medical records. The records De Aza sought to be in the record

---

entered." (Min. Entry 10/11/2018.) Thus, at a minimum, De Aza was informed of his plea rights by the magistrate judge and the Court will not examine this further.

were from fourteen years prior and some of the suicide attempts De Aza mentions were over or nearly thirty years prior to trial. (Doc. 1 at 12.) Thus, their relevancy to the case at hand is certainly doubtful. For these reasons, De Aza's claim of ineffective assistance of counsel regarding requested medical records is without merit and is due to be dismissed.

### ii. De Aza's claim that Counsel failed to properly investigate and call witnesses is without merit.

### 1. Government Witness - Loren Allen

De Aza makes a number of claims regarding Mr. Albea's investigation of witnesses in the case. First, De Aza claims that Mr. Albea should have investigated and called witnesses regarding a recorded telephone call involving government witness Loren Allen. (Doc. 1 at 6.)

Mr. Albea stated that he reviewed all the evidence in this case in preparing De Aza's defense, including the recorded telephone call involving Allen. (Doc. 8-1 at 2.) In addition, De Aza included in his motion an email from his state case counsel, Crystal Phillips, to his previous federal trial counsel. (Doc. 1 at 14.) In the email, Crystal Phillips made a note that Mr. Albea spoke with her regarding the case and he may need her to testify about the recorded telephone call with Allen. (*Id.*)

This shows that Mr. Albea did investigate the recorded call, contrary to De Aza's claim.

Further, Mr. Albea clearly demonstrated his investigation of the call by stating that "[w]hile the audio of . . . the phone call with Mr. Allen [was] illuminating, there was nothing helpful to Mr. De Aza's defense in [it]." (Doc. 8-1 at 2.) Mr. Albea's decision to not use the telephone call is not indicative of failing to investigate it. To the contrary, "[d]eliberate choices of trial strategy and tactics" were within Mr. Albea's province as trial counsel. *Michael*, 430 F.3d at 1320. Regardless, Mr. Albea questioned Allen at trial about discrepancies in his statement now versus what was stated in front of the grand jury. (Cr. Doc. 53 at 106-08.) Therefore, De Aza's claim regarding the investigation of the recorded telephone call of Allen are without merit.

## 2.  Witnesses Provided by De Aza

Second, De Aza claims that Mr. Albea failed to investigate witnesses provided by De Aza, including Jennifer Johnson, Christine Smith-Long, Madison Hope Nichols, and his prior appointed counsel from the Federal Public Defender's Office. (Doc. 1 at 7-8, 16.)

Counsel's choices dictated by a "reasonable trial strategy" are afforded great deference. *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994). Further, there is a

strong presumption that counsel's performance was reasonable, which is even stronger when reviewing an experienced trial counsel's performance. *Callahan v. Campbell*, 427 F.3d 897, 932-33 (11th Cir. 2005). In preparing De Aza's defense, Mr. Albea reviewed all the evidence and determined that testimony from these specific witnesses would not help De Aza's case. Thus, for the reasons detailed below, these claims are due to be dismissed as meritless.

### a. Jennifer Johnson

Jennifer Johnson was whom De Aza shared a residence with at the time of the search warrant. (Doc. 8-1 at 3.) Mr. Albea stated "[t]he thrust of the defense was that Ms. Johnson is the one who possessed the contraband and not Mr. De Aza." (*Id*.) However, Mr. Albea stated that Ms. Johnson declined to testify at trial that the contraband De Aza was charged with possessing was hers. (*Id*.) Therefore, having her *not* testify was certainly a "reasonable trial strategy." *See Rogers*, 13 F.3d at 386. Further, she asserted the Fifth Amendment at trial. (Cr. Doc. 59 at 69.) The Court notes that "as a general matter it is improper to permit a witness to claim a testimonial privilege in front of the jury where the witness's intention not to testify is known beforehand." *US v. Chapman*, 866 F.2d 1326, 1333 (11th Cir. 1989). Thus, this Court will presume the decision was reasonable and perhaps it would have been inappropriate to call Johnson as a witness.

### b. Christine Smith-Long

Christine Smith-Long was subpoenaed by the Government to testify, and Mr. Albea stated she would have testified that she received a letter from De Aza which apparently asked her to say the firearms De Aza possessed belonged to her. (Doc. 8-1 at 3.) Mr. Albea stated that he successfully fought to keep that letter out of evidence. (*Id.*; Cr. Doc. 59 at 72.) Although De Aza alleges that Christine Smith-Long owned the guns and was bringing them to Ms. Johnson, there is no indication that she would have confessed had she been called as a witness by Mr. Albea. (Doc. 7 at 7.) His decision regarding Smith-Long's testimony was a tactical decision dictated by reasonable strategy and was not objectively unreasonable.

### c. Madison Hope Nichols and Prior Appointed Counsel

Mr. Albea's decisions regarding any testimony from Madison Hope Nichols and De Aza's prior appointed counsel were also within his province as an experienced trial attorney. Mr. Albea did speak with De Aza's former trial counsel in the case. (Doc. 8-1 at 2.) Any decisions he made to use or not use their testimony were within his discretion in forming De Aza's defense strategy. De Aza failed to demonstrate how it was unreasonable for Mr. Albea to not rely on these witnesses.

For these reasons, De Aza's claim of ineffective assistance of counsel concerning Mr. Albea's strategy regarding witnesses in this case is without merit.

### iii. De Aza's claims that Counsel failed to obtain full discovery from the Government and withheld evidence from De Aza are without merit.

#### 1. *Brady* Violation

First, he argues that the Government violated *Brady* and that Mr. Albea failed to object to the violation. (Doc. 1 at 17.) *Brady* prohibits the Government from withholding material exculpatory evidence upon request from a criminal defendant. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). To prevail on a *Brady* claim, a defendant must show "(1) the government possessed evidence favorable to him; (2) the defendant did not possess the evidence and could not have obtained it without reasonable diligence; (3) the government suppressed the favorable evidence; and (4) the evidence was material." *Lamarca v. Sec'y, Dep't of Corr.*, 586 F.3d 929, 941 (11th Cir. 2009) (internal quotation marks omitted).

However, the Government states that it produced all of the evidence in its possession to defense counsel. (Doc. 8 at 17-18.) Also, Mr. Albea's affidavit did not mention any suspicion that the Government had withheld evidence from him or any of De Aza's previous defense counsels. (*See* Doc. 8-1.) De Aza has failed to meet his burden to show that the Government ever withheld evidence favorable to him,

so his *Brady* claim is without merit.

## 2. Video Footage

Second, De Aza claims that Mr. Albea was ineffective for failing to subpoena a video from the Lucky Dollar gas station and body camera footage from the officer who conducted the traffic stop of the car he occupied. (*See* Doc. 1 at 16; Doc. 7 at 10-11.) De Aza argues that the gas station and body camera footage would show that officers searched the car De Aza occupied without the driver's consent. (Doc. 7 at 6, 11.) Similar to his claims regarding investigation of witnesses, De Aza's claims here concerns Mr. Albea's tactical decisions as trial counsel. Such decisions receive great deference. *See Bell,* 535 U.S. at 702. Mr. Albea's decisions to not subpoena the gas station video or body camera footage were tactical decisions he made in his discretion while investigating De Aza's defense and were not objectively unreasonable. Further, the Court notes that the Government states they are unaware that any such video exists. (Doc. 8 at 14.) Therefore, De Aza's claim regarding the video is without merit and De Aza has failed to plead that any such video actually exists.

## 3. Confidential Informants

Last, De Aza claims that Mr. Albea was ineffective for failing to file a motion to disclose the identity of any confidential informants in this case. (Doc. 1 at 17.)

The application for the search warrant in his case indicates that police used information from confidential informants. (Cr. Doc. 17-2 at 2.) However, the application also indicates that police used evidence from the traffic stop, seizure of contraband from De Aza's residence, agents' observations, and statements from the owner of the vehicle occupied by De Aza. (*Id.*)  In investigating strategies for De Aza's defense, Mr. Albea could reasonably have concluded that disclosing the confidential informant's identity was unnecessary given the other evidence in support of the Government's search warrant.[6] Mr. Albea's decision was not objectively unreasonable. For these reasons, De Aza's claim of ineffective assistance of counsel regarding disclosure of the informant's identity is without merit.

### iv.  Additional Allegations

---

[6] Further, even if Mr. Albea had requested to have the confidential informants revealed, it would more than likely have been properly denied. *Roviaro v. United States* is the seminole case on the government's privilege to not disclose confidential informants. 353 U.S. 53 (1957). "The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." *Id.* at 59. "Subsequent case law has focused the inquiry on three factors: the extent of the informant's participation in the criminal activity, the directness of the relationship between the defendant's asserted defense and the probable testimony of the informant, and the government's interest in nondisclosure." *US v. Tenorio-Angel*, 756 F.2d 1505, 1509 (11th Cir. 1985). Here, because there was other evidence relied upon and there appears to be no unfairness, any request to disclose would have likely been properly denied.

De Aza mentions several other alleged grounds in his motion. However, "[c]onclusory allegations of ineffective assistance are insufficient." *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992) (internal citations omitted). "A petitioner is *not* entitled to an evidentiary hearing, however, 'when his claims are merely "conclusory allegations unsupported by specifics."'" *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991). For motions pursuant to § 2255, the petitioner is required to "state the facts supporting each ground." Rule 2(b)(2), Rules Governing Section 2255 Proceedings (2022).

The Court finds the following statements by De Aza are conclusory because De Aza does not give any further information and does not state the facts supporting each ground as required:

1. Mr. Albea was ineffective for "fail[ing] to object to R&R recommendations by Magistrate."[7] (Doc. 1 at 16.)

2. "Counsel failed to have [the] gov[ernment] produce ADOC warrant which was never presented." (*Id*.)

3. "Counsel failed to properly prepare and investigate interviewing officer Stanton whom Loren Allen gave statement to." (*Id*. at 17.)

---

[7] Additionally, Mr. Albea *did* file an objection to the magistrate judge's report and recommendation on January 22, 2019. (Cr. Doc. 24.)

4. De Aza was "denied . . . any access to any of the opening and closing statements by claiming they were not part of the record." (Doc. 7 at 11.)

5. "Counsel would not take any calls or emails from defendant." (Doc. 1 at 17.)

Because the Court finds these allegations by De Aza are conclusory, they are due to be dismissed without an evidentiary hearing. *See Tejada*, 941 F.2d at 1559.

## VI.    Conclusion

For the foregoing reasons, De Aza's § 2255 motion to vacate, set aside, or correct a sentence is due to be denied and this case dismissed with prejudice.

Rule 11 of the Rules governing § 2255 Proceedings requires the Court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. *See* Rule 11, Rules Governing § 2255 Proceedings. This Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make such a showing, a "petitioner must demonstrate that a reasonable jurist would find the district court's assessment of the constitutional debatable and wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve to proceed further." *Miller-EL v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations omitted).* This Court finds that De Aza's claims do not satisfy either standard.

A separate order consistent with this opinion will be entered.

**DONE** and **ORDERED** on April 16, 2024.

L. Scott Coogler
United States District Judge

206728